**524**

Ramon GARZA, Appellant,

v.

Crespin TREVINO et al., Appellees.

No. 15688.

Court of Civil Appeals of Texas,
San Antonio.

Sept. 15, 1976.

Rey Perez, Alberto M. Ramon, Crystal City, for appellant.

Hardberger, Branton & Herrera, Inc., Frank Herrera, Jr., San Antonio, for appellee.

CADENA, Justice.

Plaintiff, Ramon Garza, filed this suit to prevent the certification of defendant, Crespin Trevino, as the candidate of the Raza Unida Party for the office of sheriff of Zavala County, and the printing of Trevino's name as the candidate of such party for the office of sheriff at the general election to be held on November 2, 1976. Plaintiff appeals from a judgment declaring Trevino "the official nominee for the office of Sheriff of Zavala County, Texas, for the

Raza Unida Party." Defendants, in addition to Trevino, are Manuel Cortinas, Jr., chairman of the Executive Committee of the Raza Unida Party of Zavala County, and Virginia Muzquiz, County Clerk of Zavala County.

Plaintiff and Trevino were candidates for nomination for the office of sheriff at the primary election held on May 1, 1976, and it is undisputed that Trevino received a majority of the votes cast at such election. Plaintiff contends that Trevino is ineligible to be a candidate for sheriff because on February 2, 1976, the last date for filing for a place on the ballot at the primary election, Trevino had not been a resident of Zavala County for at least six months as required by Subdivisions 1 and 2 of Article 1.05.[1] The suit for injunction is brought under the provisions of Article 1.07.

It is undisputed that for some time after their marriage in 1963 plaintiff and his wife maintained their residence in the City of Pearsall, Frio County, Texas, and that Mrs. Trevino still lives in Frio County, where she is regularly employed and where the Trevino children attend school.

For some time prior to November 1, 1973, Trevino had been employed in San Antonio, Bexar County, Texas. On November 1, 1973, he was employed as a deputy sheriff of Zavala County, stationed in the City of Batesville in such county, and since that date he has maintained his place of abode in Batesville. He visits his wife and family in Frio County on his day off every week and he spends his vacation with his family in Frio County. Mrs. Trevino often spends the weekends with her husband in Batesville.

Mrs. Trevino testified that she chose to remain in Pearsall because she would be unable to find suitable employment in Batesville and because she considered the educational facilities in Batesville to be inferior to the facilities available in Pearsall. She stated that she would not move to Zavala County as long as her husband was stationed in Batesville, but that she might consider joining him if he obtained employment in Crystal City, the county seat of Zavala County.

The pertinent statutory provisions, found in Article 5.08, as amended in 1967, are as follows:

(a) As used in this code, the word "residence" means domicile; i. e., one's home and fixed place of habitation to which he intends to return after any temporary absence.

\* \* \* \* \* \*

(f) For a married man not permanently separated from his wife, the place where his family lives shall be considered his residence, but if it be a temporary establishment for his family, or for transient purposes, it shall not be so considered.

(g) If a married man has his family living in one place and he does business in another, the former shall be considered his residence, but when a man has taken up his abode at any place with the intention of remaining there and making it his home, and his family refuses to reside with him, then such place shall be considered his residence.

■ The evidence supports the trial court's conclusion that, under subdivision (g), Trevino became a resident of Zavala on November 1, 1973, when he became deputy sheriff and moved to Batesville. For some time prior to that date, he had been seeking employment as a law enforcement officer and had applied for appointment as a law enforcement official in at least five cities. The evidence shows that the sheriff of Zavala County made the statement that if Trevino were appointed deputy sheriff for that county, it would be necessary for Trevino to "move and live in Zavala County."

■ Plaintiff argues that subdivision (g) is inapplicable because the evidence shows the continued existence of "community, intimacy or close relationships between" Mr. and Mrs. Trevino, despite the fact that they were living in different places. This contention must be rejected since there is nothing in the statutory lan-

1. All statutory references are to Tex. Election Code Ann.

guage indicating a necessity for a termination of the close conjugal relationship. The application of the subdivision in question is not dependent on "separation" in the sense that the parties discontinue the prior existing husband-wife relationship. The residence of a married person who is permanently separated from his or her spouse is expressly governed by subdivision (e) of Article 5.08, not by subdivision (g).

■ Plaintiff also insists that defendant's wife has not "refused" to accompany him to Zavala County, since the testimony of Mrs. Trevino indicates that under certain conditions she might rejoin her husband and that, therefore, her refusal to move to Zavala County is merely a conditional refusal. But the statute merely requires a "refusal." There is no requirement that her reasons be such as would be categorized as valid by a court, nor is it required that the refusal be a categorical refusal to follow the husband under any circumstances. It is sufficient if the wife, for whatever reasons, decides not to live in the same household with her husband.

The judgment of the trial court is affirmed.